**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ELLIOTT BROTHERS STEEL COMPANY,
a Pennsylvania corporation,

    Plaintiff,

v.

Case No. 07-15520

HONORABLE DENISE PAGE HOOD

MICHIGAN METALS, INC., a Michigan
corporation, STRIP STEEL, INC., a Michigan
corporation, Jay H. TLUMAK, an individual,
and JOANN T. MAHRLE, an individual,

    Defendants.
_____/

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

### I. INTRODUCTION

This matter is before the Court on Plaintiff Elliot Brothers Steel Company's ("Elliot Brothers") Motion for Preliminary Injunction [Dkt. # 14, filed April 7, 2008]. Defendant Michigan Metals, Inc. ("Michigan Metals") filed a responsive brief [Dkt. # 20, filed May 12, 2008] and an amended responsive brief [Dkt. # 22, filed May 13, 2008]. Plaintiff filed a reply brief. Oral argument was held on June 10, 2008.

### II. FACTS

This case arises from the breakdown of a three-way customer-supplier relationship. At one end of the supply chain, Defendant Michigan Metals sold hot rolled steel to Plaintiff Elliot Brothers.

At the other end of the supply chain, Defendant Strip Steel, Inc. ("Strip Steel") purchased cold rolled steel products from Plaintiff Elliot Brothers. Defendants Strip Steel and Michigan Metals are owned by members of the same family and share the same president.

Elliot Brothers initiated this suit against Strip Steel and Michigan Metals on December 28, 2007. The Complaint alleges breach of contract (Count I) and Fraudulent Transfer (Count II). Elliot Brothers asserts that it is owed $470,200.80 by Strip Steel. (Am. Response To Mot. Prelim. Inj. at 2.) Elliot Brothers stopped making shipments to Strip Steel in October of 2006, after the balance owed to Elliot Brothers for past shipments "spiraled out of control." (Am. Response To Mot. Summ J. at 3.) Elliot Brothers seeks to recover this amount from Michigan Metals, because, among other things: Michigan Metals is a sister company of Strip Steel; Michigan Metals and Strip Steel have the same president; Michigan Metals, through its president, assumed the debt of Strip Steel, and Michigan Metals recently purchased all of the assets of Strip Steel. (Am. Response To Mot. Summ. J. at 2-7.) Elliot Brothers obtained a Clerk's entry of default against Strip Steel on March 28, 2008.

Michigan Metals filed a counterclaim against Elliot Brothers on April 7, 2008. The Counter-Complaint alleges breach of contract (Count I). In the alternative, the Counter-Complaint alleges unjust enrichment (Count II) and account stated[1] (Count III). Michigan Metals alleges that sometime in July of 2007, Elliot Brothers stopped paying Michigan Metals for shipments of hot rolled steel. (Mot. Prelim. Inj. at 4.) In August of 2007, Michigan Metals became concerned that it would never receive payment from Elliot Brothers for the shipments, because Elliot Brothers sent a letter to Michigan Metals, which stated that Elliot Brothers was ceasing operations and liquidating assets. (*Id.*) Michigan Metals asserts that it is owed $282.238.02 by Elliot Brothers. (*Id.* at 7; Dkt.

---

[1]MCL 600.2145 governs account stated claims. *Shapiro v. Katranji*, 2008 WL 215215, at *3 (Mich. App. Jan. 24, 2008).

#14-8 at 1-2.) Michigan Metals seeks the payment of the $282.238.02 through its counterclaim.

For purposes of the instant preliminary injunction motion, Michigan Metals moves the Court to restrain Elliot Brothers from winding up its affairs. (Mot. Prelim. Inj. at 9.) The crux of Michigan Metals' request for injunctive relief is that if the wind up of Elliot Brothers is permitted to continue, Michigan Metals will not have a remedy to its claim, because any money judgment against Elliot Brothers will be worthless. (*Id.* at 1.) Elliot Brothers contends, among other things, that Michigan Metals has not demonstrated the requisite irreparable harm which is necessary to obtain injunctive relief. (Am. Response To Mot. Prelim. Inj. at 5-8.) Elliot Brothers further contends that money damages would be an appropriate remedy in this case, and that injunctive relief is not an appropriate vehicle to determine the order in which secured and unsecured creditors are paid. (*Id.* at 8-10.)

### III. APPLICABLE LAW & ANALYSIS

Four factors must be balanced and considered before the Court may issue a preliminary injunction pursuant to Fed. R. Civ. P. 65(b): 1) the likelihood of the plaintiff's success on the merits; 2) whether the plaintiff will suffer irreparable injury without the injunction; 3) the harm to others which will occur if the injunction is granted; and 4) whether the injunction would serve the public interest. *In re Delorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985); *In re Eagle-Pitcher Industries, Inc.*, 963 F.2d 855, 858 (6th Cir. 1992); *N.A.A.C.P. v. City of Mansfield, Ohio*, 866 F.2d 162, 166 (6th Cir. 1989). It is well settled that harm is not irreparable if it is fully compensable by

money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992).

Michigan Metals argues that if it "has to wait six to nine months for a judgment, all of Elliot Brothers' assets will be gone and Michigan Metals will be left with nothing." (Mot. Prelim. Inj. at 8.) Michigan Metals cites several cases for the proposition that a preliminary injunction is proper where the opposing party is insolvent or near insolvency. Among those cases, Michigan Metals cites *Deckert v. Independence Share Corp.*, 311 U.S. 282 (1940) and *EBSCO Industries, Inc. v. Lilly*, 840 F.2d 333, 337 (6th Cir. 1988).[2] Elliot Brothers maintains that "[t]he inability to collect a prospective judgment, in and of itself, is an inadequate basis upon which to obtain injunctive relief. (Am. Response To Mot. Prelim. Inj. at 1-2.) Elliot Brothers relies on *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999) to support its argument.

Based upon an analysis of the irreparable harm factor alone, the Court finds that the issuance of a preliminary injunction in this case would be contrary to law. Elliot Brothers correctly relies on *Grupo* for the general rule that "an unsecured creditor has no rights at law or in equity in the property of his debtor." 527 U.S. at 330.

There are exceptions to this general rule. An unsecured creditor can obtain preliminary injunctive relief where statutes permit the court to order such relief, such as in a bankruptcy action, under the Securities Act, or under the statutes authorizing tax injunctions. *Dearborn Mid-West*

---

[2]The remaining cases cited by Michigan Metals are not binding on this Court and pre-date *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999).

4

*Conveyor Co. v. Pietrangelo*, 2006 WL 2828659, at *2 (E.D. Mich. Oct. 3, 2006) (Hood, J.) (citing *Grupo*, 527 U.S. at 326-28). An unsecured creditor may also obtain preliminary injunctive relief where the complaint seeks equitable relief such as rescission of contract or restitution. *Grupo Mexicano*, 527 U.S. at 324-25.

Here, Michigan Metals has failed to allege or show any applicable exceptions to the general rule that an unsecured creditor has no rights at law or in equity in the property of his debtor. Michigan Metals has not argued that it is entitled to injunctive relief pursuant to a statute. Nor has Michigan Metals argued that it is entitled to injunctive relief under a theory of equitable relief, such as recession of contract or restitution. Instead, Michigan Metals asserts in its reply brief that the irreparable harm factor militates in its favor because "the very nature of injury threatened makes it inherently non-compensable." (Reply to Motion for Prelim. Inj. at 3.) This assertion, alone, does not warrant injunctive relief. Under the law as set forth in *Grupo*, the injunctive relief sought by Michigan Metal is "beyond the power of the District Court." 527 U.S. at 326.

The position held by Michigan Metals that *Deckert v. Independence Share Corp.*, 311 U.S. 282 (1940) and *EBSCO Industries, Inc. v. Lilly*, 840 F.2d 333, 337 (6th Cir. 1988) control, in light of *Grupo*, is unconvincing. *Deckert* is not controlling, because, unlike here, the *Deckert* plaintiff stated a claim of equitable relief. *Grupo*, 527 U.S. at 324-25. *EBSCO Industries* is not controlling, because *EBSCO Industries* appears to have been overruled, in part, by *Grupo*. The rule enunciated in *Grupo* is more narrow in scope than the rule set forth in *EBSCO Industries*. *Compare Grupo*, 527

5

U.S. at 324-26 (exception to general rule only where complaint states a claim of equitable relief or where a statute provides a basis for relief) with *EBSCO Industries*, 840 F.2d at 335-336 (exception to general rule where there is no adequate remedy under Fed. R. Civ. P. 64, such as a state attachment statute). Accordingly, the Court denies Michigan Metals' Motion for Preliminary Injunction.

## IV. CONCLUSION

In light of the foregoing,

IT IS ORDERED that is Plaintiff Elliot Brothers Steel Company's Motion for Preliminary Injunction [Dkt. # 14, filed April 7, 2008] is **DENIED**.

                                                   S/Denise Page Hood
                                                   Denise Page Hood
                                                   United States District Judge

Dated: July 2, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 2, 2008, by electronic and/or ordinary mail.

                                                 S/Lisa Ware for William F. Lewis
                                                 Case Manager